UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RUSSELL D. ROSCO and<br>BONNIE R. ROSCO,<br><br>    Debtors/Appellants,<br><br>    v.<br><br>ANTHONY LOCKHART,<br><br>    Appellee. | )<br>)<br>)<br>)<br>)<br>)   CIVIL NO. 1:15cv147<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the court on an appeal of the Bankruptcy Court's June 1, 2015 decision. The Debtors/Appellants, Russell D. Rosco and Bonnie R. Rosco ("the Roscos"), proceeding *pro se*, filed their brief on June 18, 2015. However, as the Roscos had not complied with all of the procedural requirements for pursuing an appeal, this court entered an order on August 13, 2015 explaining the procedural requirements and setting deadlines for the requirements to be met. The Roscos complied with the order, which enabled the Bankruptcy Court to transmit the record to this court on September 28, 2015. As part of this transmittal, a briefing schedule was set, in which Appellants were given until November 2, 2015 to file their brief. Nothing further has been filed, and thus the court will decide the appeal based on the June 18 brief. The court notes here that the Appellee, Anthony Lockhart ("Lockhart"), is also *pro se*.

Standard of Review

A bankruptcy court's legal conclusions are reviewed *de novo* and its findings of fact for clear error. *Kovacs v. U.S.*, 614 F.3d 666, 672 (CA 7, 2010). Where the Bankruptcy Code commits a decision to the discretion of the bankruptcy court, the reviewing court reviews that

decision only for abuse of discretion. *In re Fortney*, 36 F.3d 701, 707 (CA 7, 1994). A court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied. *Wiese v. Cmty Bank of Cent. Wis.*, 552 F,3d 584, 588 (CA 7, 2009). A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *In re Smith*, 582 F3d 767, 777 (CA 7, 2009). If the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court will not reverse its factual findings even if the reviewing court would have weighed the evidence differently. *Stamat v. Neary*, 635 F3d 974, 979 (CA 7, 2011).

## Discussion

As the Roscos' brief is skimpy on the background facts, the court has gleaned the following facts from the Bankruptcy Court's decision, as supported by the record.

Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 26, 2013, shortly before a hearing in the Allen Superior Court in an eviction proceeding brought by the Appellee herein, Lockhart, effectively staying that proceeding. The Roscos received a discharge on November 12, 2103, and had already vacated the rented premises as of October 3.

On April 1, 2014, the Roscos sued Lockhart in Allen Superior Court, Small Claims Division, seeking the return of a $1590 security deposit. Lockhart responded with a counterclaim for unpaid rent, damages to the property and various expenses, totaling $5,486. The Roscos then responded in turn with a suit in the Bankruptcy Court, asserting that Lockhart's counterclaim violated the discharge injunction. As Bankruptcy Judge Grant explained in detail in his decision,

2

asserting a right of setoff or recoupment is not a violation of the discharge injunction, and the Roscos had no basis to complain that Lockhart's counterclaim violated the discharge injunction. 11 U.S.C. § 553(a); *In re Buckmaier*, 127 B.R. 233, 237 (9th Cir. BAP 1991).

The Roscos had also complained to the Bankruptcy Court that, after litigation commenced, they repeatedly attempted to mail something to Lockhart. Lockhart, however, refused to accept the mailings and, in at least one instance, scrawled an obscenity across the envelope the Roscos had addressed to him, and mailed it back to them. Again, as Judge Grant explained, Lockhart did not violate either the discharge injunction or the automatic stay, as a creditor may properly respond to communication initiated by the debtor. *In re Henry*, 266 B.R. 457, 473 (Bankr. C.D. Cal. 2001).

As the remaining complaints by the Roscos all occurred prior to their discharge, the Bankruptcy Court noted that they could not possibly constitute a violation of an injunction that had not yet gone into effect. The Bankruptcy Court nevertheless discussed these claims, out of deference to the parties' *pro se* status, and explained in some detail why Lockhart's vulgar and insulting emails to the Roscos were not violations of the automatic stay as they were not attempts to collect a pre-petition debt. Likewise, Lockhart's comments on his Facebook page and on Craigslist, in which Lockhart vents his anger against the Roscos and warns other landlords to be wary of them, were not communications intending to collect a pre-petition debt and were not violations of the automatic stay. Finally, when the Roscos had "Claudia" pose as a prospective landlord of the Roscos and ask Lockhart for a reference, Lockhart told her many negative things. Again, this was not a violation of the automatic stay, as Lockhart did nothing more than respond to an inquiry initiated by the debtor. In any event, the Roscos had failed to offer any proof at trial

3

that they had suffered any damages as a result of Lockhart's actions, and thus the Bankruptcy Court noted that even if they had proven that Lockhart had done something wrong, they would still lose the case. *In re Morris*, 514 B.R. 658, 667 (Bankr. N.D. Ala. 2014).

In their brief before this court, the Roscos allege they were denied discovery and denied the "right to determine issues". This court has carefully reviewed the Roscos' assertions and has concluded that the Roscos simply fail to understand the Bankruptcy Court's decision. The Roscos seem to believe that if they had been permitted to go into more detail about Lockhart's actions, they would have won at trial. However, it is clear, as a matter of law, that the Roscos could not prevail because Lockhart's actions were not violations of the automatic stay or the discharge injunction. None of the evidence the Roscos assert they were prevented from discovering or presenting would have changed the outcome. In fact, the Roscos have failed to explain to the court how they believe any of the evidence they discuss would show that Lockhart had attempted to collect a pre-petition debt in an impermissible way.

The Roscos' complaints with regard to "denial of right to determine issues" is even more vague. Although the Roscos list pages and pages of things they would have done differently at trial if they had been able to present certain evidence or prepare better for trial, the Roscos fail to explain how any of this would change the outcome of the trial. And this is so because, as a matter of law, the actions taken by Lockhart were not violations of anything. No matter how much digging the Roscos do or how many times they beat a dead horse, the fact remains that Lockhart acted within the proper scope of bankruptcy law.

Accordingly, the decision of the Bankruptcy Court will be affirmed.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the Bankruptcy Court is hereby AFFIRMED.

Entered: December 16, 2015.

<u>s/ William C. Lee</u>  
William C. Lee, Judge  
United States District Court